UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDDIE W. COGER,

    Petitioner,

vs.                                Case No. 3:13-cv-1609-J-39MCR

SECRETARY, DOC, et al.,

    Respondents.

**ORDER**

**I.   STATUS**

Petitioner Freddie W. Coger challenges a 1962 (Putnam County) conviction for rape. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1. He raises one ground in the Petition: Petitioner was deprived of his Sixth Amendment right to be advised by the court of the right to counsel and to personally invoke that right. Id. at 5. Respondents filed a Motion to Dismiss (Response) (Doc. 11). In support of the Response, they submitted Exhibits (Doc. 11).[1] Petitioner filed a Reply/Memorandum of Law to Respondents' Motion to Dismiss (Reply) (Doc. 12). See Amended Order (Doc. 7). No evidentiary proceedings are required in this Court.

---

[1] The Court hereinafter refers to the exhibits contained in the Exhibits as "Ex." The Court will reference the page numbers assigned by the electronic docketing system where applicable.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents calculate that the Petition is untimely filed. To adequately address Respondents' contention that Petitioner has failed to comply with the limitations period, the Court will provide a brief procedural history. Petitioner was charged by indictment with rape. Ex. A at 2. On October 13, 1961, Petitioner submitted an Affidavit of Insolvency to the trial court. Id. at 5. Docket entries show that on October 13, 1961, he appeared in court, stated he was thirty years of age and had no money or property. Id. at 7. The court explained Petitioner's constitutional rights to him. Id. Thereafter, the court appointed counsel to represent Petitioner. Id. The court appointed additional associate counsel on October 18, 1961. Id. at 9. On January 15, 1962, Petitioner withdrew his plea of not guilty and entered a plea of guilty. Id. He waived his right to trial by jury and was adjudicated guilty by the court. Id. On January 15, 1962, the court sentenced him to life in prison for having committed the crime of rape. Ex. A at 6, 9. Petitioner did not take a direct appeal. Thus, his conviction became final on February 14, 1962.

The one-year limitations period in Petitioner's case began to run on April 24, 1996. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA); see Guenther v. Holt, 173 F.3d 1328, 1331

(11th Cir. 1999), cert. denied, 528 U.S. 1085 (2000). The limitations period expired on April 24, 1997.

Petitioner did not file anything in the state court system until October 12, 2012 (pursuant to the mailbox rule), when he filed his Rule 3.850 motion in the state circuit court. Ex. B at 11-16. This motion did not toll the federal one-year limitations period because it had already expired on April 24, 1997. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Based on the foregoing, the Petition, filed on October 23, 2013, pursuant to the mailbox rule, is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. Petitioner relies on Martinez v. Ryan, 132 S.Ct. 1309 (2012), claiming that he is entitled to have his Petition heard free of procedural or time bars because he did not have counsel for his collateral review proceedings. Reply at 2-3.

To the extent Petitioner is attempting to rely on Martinez to overcome the statute of limitations bar, this contention fails:

> The Eleventh Circuit has expressly rejected petitioner's argument that <u>Martinez</u> applies to overcome the statute of limitations bar. <u>Arthur v. Thomas</u>, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the <u>Martinez</u> rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

<u>Sledge v. Jones</u>, No. 3:14-cv92/MCR/CJK, 2015 WL 521057, at *4 (N.D. Fla. Feb. 9, 2015), <u>appeal</u> <u>filed</u>, <u>Sledge v. Sec'y, Fla. Dep't</u>, (11th Cir. Mar. 12, 2015). The Eleventh Circuit, in <u>Arthur v. Thomas</u>, 739 F.3d 611, 630 (11th Cir.), <u>cert</u>. <u>denied</u>, 135 S.Ct. 106 (2014), explained:

> As our discussion shows, the <u>Martinez</u> rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period. The § 2254 ineffective-trial-counsel claims in <u>Martinez</u> and <u>Trevino</u> were not barred by AEDPA's one-year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default because the petitioners never timely or properly raised them in the state courts under the states' procedural rules. At no point in <u>Martinez</u> or <u>Trevino</u> did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or tolling in any way.

Therefore, the holding in <u>Martinez</u> is inapplicable to this case and does not excuse Petitioner's untimely filing of his Petition.

Petitioner also references the AEDPA deference standard set forth in 28 U.S.C. § 2254(d) as a reason to excuse his

untimeliness, but this standard does not concern timeliness. Reply at 2. Thus, it does not excuse his delay in filing his Petition.

Alternatively, Petitioner urges this Court to find that his untimely filing of his federal Petition should be contributed to circumstances beyond his control. Although not a model of clarity, apparently Petitioner is contending that he is entitled to some equitable tolling due to prison restrictions which deprive inmates of adequate, effective and meaningful access to the courts. Reply at 3.

This Court recognizes that the AEDPA "limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). There is a two-pronged test for equitable tolling that requires a petitioner to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Petitioner bears the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). After a thorough review, the Court finds that Petitioner has not met the burden of showing that equitable tolling is warranted.

Petitioner's one-year limitations period expired on April 24, 1997. Petitioner did not file any post conviction motions in the state court system until October 12, 2012, and he did not file his federal Petition until October 23, 2013. Upon review, Petitioner failed to pursue his rights diligently.

With regard to his claim of restricted access to the courts due to incarceration, Petitioner could have sought the assistance of attorneys, other inmates, inmate law clerks, institutional law librarians or officers, or others. The Court finds Petitioner's access to courts argument unavailing.

> "[C]ircumstances warranting equitable tolling" do not include restricted access to a law library. Miller v. Florida, 307 Fed. Appx. 366, 368 (11th Cir. 2009) (citing Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000); see also Paulcin v. McDonough, 259 Fed. Appx. 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."); Coleman v. Mosley, 2008 WL 2039483 at *3 (M.D. Ala. May 12, 2008) ("Petitioner'[s] *pro se* status, ignorance of

>>the law, limited law library access, and lack of legal assistance are insufficient grounds on which to toll the limitation period.").

Couch v. Talladega Circuit Courts, No. 1:11-cv-1737-JFG-MHH, 2013 WL 3356908, at *5 (N.D. Ala. July 3, 2013).  No extraordinary circumstances stood in Petitioner's way and prevented him from timely filing his Petition.

While the Court recognizes that the lack of a formal education presents some challenges, it does not excuse Petitioner from complying with the time constraints for filing a federal petition. Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (not reported in F.Supp.2d) (Report and Recommendation), report and recommendation adopted by the District Court on March 14, 2007.  Indeed, pro se representation alone is not a meritorious excuse and is insufficient to warrant equitable tolling.  Johnson v. United States, 544 U.S. 295, 311 (2005).

As such, the Court is not persuaded that Petitioner acted diligently.  The Court finds that Petitioner has not shown that he is entitled to extraordinary relief.  Equitable tolling is a remedy that should be used sparingly, and Petitioner has failed to show that he exercised due diligence.  Petitioner's has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted.

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.  Petitioner had

ample time to exhaust state remedies and prepare and file a federal petition. Petitioner fails to demonstrate he is entitled to equitable tolling or that he has new evidence establishing actual innocence.[2] Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition and the case are **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[3] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

---

[2] Petitioner does not claim actual innocence.

[3] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of March, 2016.

_____
BRIAN J. DAVIS
United States District Judge

sa 3/17
c:
Freddie W. Coger
Counsel of Record